Richard H. Gill (Ala. State Bar No. GILL007)
George W. Walker, III (Ala. State Bar No. WAL097)
C. Nelson Gill (Ala. State Bar No. GIL055)
COPELAND, FRANCO, SCREWS & GILL, P.A.
P. O. BOX 347
Montgomery, Alabama 36101-0347
Telephone: 334.834.1180
Facsimile: 334.834.3172

Charles R. Gibbs (Texas State Bar No. 07846300)
Eric C. Seitz (Texas State Bar No. 24067863)
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: 214.969.2800
Facsimile: 214.969.4343

ATTORNEYS FOR WHITE SANDS GROUP, L.L.C.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **MORRIS RADIO ENTERPRISES, L.L.C., dba THE BUSINESS SHRINK and** | § § § | **CASE NO. 09-31416-HDH-11** |
| | § | |
| **PRS II, LLC, dba FORT MORGAN** | § | **CASE NO. 09-31436-BJH-11** |
| | § | |
| **DEBTORS.** | § § | **Jointly Administered Under Case No. 09-31416-HDH-11** |
| | § | |

**AMENDED MOTION OF WHITE SANDS GROUP, L.L.C. FOR RELIEF FROM THE AUTOMATIC STAY**

**TO THE HONORABLE HARLIN D. HALE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW White Sands Group, L.L.C. ("White Sands"), a creditor and party in interest in the above styled bankruptcy proceeding, and hereby files its Amended Motion for

Relief from the Automatic Stay to (the "Amended Motion").[1] In support of this Amended Motion, White Sands respectfully shows the Court as follows:

**PRELIMINARY STATEMENT**

1. In a separate filing, White Sands moves this Court to dismiss the Chapter 11 filing of PRS II, LLC, ("PRS II") or, in the alternative, change venue (the "Amended Motion to Dismiss") [Docket No. 118]. In the Amended Motion to Dismiss, White Sands has set out a lengthy factual background in order to fully explain the improper nature of PRS II's Chapter 11 case. In an effort to avoid burdening the Court with duplicative facts, White Sands has not included many of those facts in this Amended Motion. The factual background set out in the Amended Motion to Dismiss is expressly incorporated into this filing.

2. White Sands requests relief from the automatic stay imposed by section 362 of title 11 of the United States Code (the "Bankruptcy Code"). This Court has before it a Chapter 11 proceeding, as styled above, in which the bankruptcy proceedings of PRS II have been jointly administered with those of Morris Radio Enterprises, L.L.C. ("Morris Radio"). There is no independent jurisdiction or venue of this Court as to PRS II, which is an entity with no nexus to the Northern District of Texas.[2]

3. All of the property of PRS II is located in Baldwin County, Alabama, where there are already long-pending civil claims in the state Circuit Court. Those claims include claims against debtor PRS II by White Sands, an Alabama entity, which have been pending since 2005, with two intervening appeals concluded in the Supreme Court of Alabama, and which are ready for trial. See PRS II, L.L.C. v. White Sands Group, L.L.C., et al., CV-2005-923, Baldwin

[1] The motion is amended solely to correct the omission of one word in the movant's legal name.

[2] PRS II is an LLC organized in the State of Delaware, with its principal place of business either in Alabama or in Illinois.

County, Alabama; White Sands Group, L.L.C. v. PRS II, LLC, et al., 2009 WL 2841114 (Ala. 2009). PRS II originally filed the action in Alabama seeking affirmative relief against White Sands.

4. The whole of PRS II's business is the purchase and development of a large tract of land in Baldwin County, Alabama. That land was acquired from the Langans (the defendants in the adversary proceeding lodged by PRS II in this court), and a portion of that land was claimed by White Sands. At all times, PRS II knew it was engaged in litigation with White Sands in Alabama, indeed, that it had initiated the litigation and that such litigation was pending on appeal in the Supreme Court of Alabama when the current bankruptcy petition was filed. However, PRS II did not list White Sands as a creditor, nor did it advise White Sands or the Alabama Supreme Court of the filing, nor serve them with notice. This bankruptcy case was filed on March 6, 2009 (the "Petition Date"), and on September 4, 2009, the Alabama Supreme Court ruled against PRS II in the appeal; only then, faced with an adverse ruling which determined that PRS II must defend the damage claims against it in the Alabama trial court, did PRS II file a "Notice of Bankruptcy" in the Alabama state court.

## JURISDICTION

5. This Court has jurisdiction to consider the Amended Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409. The relief requested herein may be granted in accordance with the provisions of Bankruptcy Code sections 105(a) and 362 and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**RELIEF REQUESTED AND REASONS THEREFOR**

6. Bankruptcy Code Section 362(a) generally stays pending judicial proceedings commenced against a debtor prior to the filing of the debtor's petition. See 11 U.S.C. § 362(a)(1). However, Bankruptcy Code section 362(d)(1) states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1). "Cause is an intentionally broad and flexible concept, made so in order to permit the courts to respond in equity to inherently fact-intensive situations." In re Sentry Park, Ltd., 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988); see also Mooney v. Gill, 310 B.R. 543, 546 (N.D. Tex. 2002) ("The bankruptcy court must balance the hardships of the parties and base a decision on whether to modify the automatic stay on the degree of hardship involved and the goals of the Bankruptcy Code."); In re Cont'l Air Lines, Inc., 61 B.R. 758, 780 (S.D. Tex. 1986) ("In sum, a bankruptcy court must be guided by equitable principles in exercising its discretion to enforce or modify the automatic stay.").

7. Moreover, Congress expressed its intention that the automatic stay should be lifted, in appropriate circumstances, to allow certain litigation to proceed in another forum:

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.

See H.R. Rep. No. 95-595, at 341 (1977); S. Rep. No. 95-989, at 50 (1978). Ironically, in this case, it was PRS II that was the original plaintiff in the state court litigation, and therefore the party that chose that forum.

8. The Baldwin County litigation will provide the quickest resolution to the claims made by White Sands and the PRS II claims against the Langan family. The Baldwin County litigation has been ongoing for over four years. "Where the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceed. IBM v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.), 938 F.2d 731, 737 (7th Cir. 1991); In re Ice Cream Liquidation, Inc., 281 B.R. 154, 167 (D. Conn. 2002).

9. Denial of White Sands' motion would lead to duplication and waste. As discussed above, the Baldwin County litigation was initially commenced over four years ago and has twice been before the Supreme Court of Alabama. If the stay is not modified, many of these issues—if not all—will need to be re-litigated in this Court. As noted earlier, this almost certainly conforms to the wishes of PRS II, despite the weighty burden placed on this Court. Duplication is inefficient and detrimental to the public interest. See Peterson v. Cundy (In re Peterson), 116 B.R. 247, 250 (D. Colo. 1990); In re Hoffman, 33 B.R. 937, 941 (W.D. Okla. 1983).

10. Petitioner White Sands prays that the stay be modified *nunc pro tunc* to the Petition Date, so as to avoid an argument by the debtor (which deliberately avoided giving notice to the Alabama Courts and to the White Sands parties) that the Alabama Supreme Court decision must be vacated because of the unknown automatic stay. While it can be predicted with some confidence that if the matter were returned to the Alabama Supreme Court, the September 4, 2009 decision would be reinstated (and PRS II and its counsel be at risk of monetary and disciplinary sanctions), such a process would further add to the cost and waste of judicial resources.

11. Re-litigation of the issues and facts involved in the Baldwin County litigation would violate the well-established principle that issues of state law should be resolved by state courts whenever possible. See Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 481-83 (1940). The claims asserted both against PRS II and by PRS II involve core issues of state law, and would be best handled by a court within the state of Alabama. This is especially true given the substantial familiarity gained over the time already invested in that endeavor.

**NO PRIOR REQUEST**

12. No previous request for the relief sought in this Amended Motion has been made to this or any other court.

**CONCLUSION**

WHEREFORE, White Sands respectfully prays that this Court enter an order, substantially in the form annexed hereto as Exhibit A, (a) modifying the automatic stay pursuant to 11 U.S.C. § 362(d)(1), effective *nunc pro tunc* to the Petition Date, so that pending state court proceedings in Baldwin County, Alabama be allowed to resume, including any proceedings, orders, judgments, or appeals related thereto, so that liability on White Sands' claims, as well as those of the Langans, can be established and liquidated, and damages and other relief may be granted on White Sands' claims; and (b) providing such other and further relief as is just and proper.

Respectfully submitted this 7th day of January 2010.

**COPELAND, FRANCO, SCREWS & GILL, P.A.**

By: /s/ C. Nelson Gill
Richard H. Gill (Ala. State Bar No. GILL007)
George W. Walker, III (Ala. State Bar No. WAL097)
C. Nelson Gill (Ala. State Bar No. GIL055)
P. O. Box 347
Montgomery, Alabama 36101-0347
Telephone: 334.834.1180
Facsimile: 334.834.3172

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Charles R. Gibbs (Tex. State Bar No. 07846300)
Eric C. Seitz (Tex. State Bar No. 24067863)
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: 214.969.2800
Facsimile: 214.969.4343

**ATTORNEYS FOR WHITE SANDS GROUP, L.L.C.**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on January 6, 2010, I conferred with counsel for the Debtor regarding the foregoing Amended Motion. While not agreeing to the relief requested herein, Debtors' counsel did agree to keep the same notice periods and response deadlines established by the filing of the original motion.

s/ *Eric C. Seitz*
Eric C. Seitz

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the Amended Motion of White Sands Group, L.L.C. for Relief from the Automatic Stay was provided via e-mail **(w/out exhibits)** to the parties listed below and a copy of same **(w/exhibits)** to the parties listed on the attached Service List via United States mail, postage prepaid, on this the 7th day of January 2010.

Office of the U.S. Trustee
c/o Erin Schmidt
1100 Commerce Street, Room 976
Dallas, Texas 75242-1496
erin.schmidt2@usdoj.gov

Gerrit M. Pronske
Pronske & Patel, P.C.
2200 Ross Avenue, Suite 5350
Dallas, TX 75201
gpronske@pronskepatel.com

s/ *Eric C. Seitz*
Eric C. Seitz

# EXHIBIT A

## PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE NORTHERN DISTRICT OF TEXAS<br>DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **MORRIS RADIO ENTERPRISES, L.L.C., dba THE BUSINESS SHRINK and** | § | **CASE NO. 09-31416-HDH-11** |
| | § | |
| | § | |
| | § | |
| **PRS II, LLC, dba FORT MORGAN** | § | **CASE NO. 09-31436-BJH-11** |
| | § | |
| **DEBTORS.** | § | **Jointly Administered Under Case No. 09-31416-HDH-11** |
| | § | |
| | § | |

**ORDER ON AMENDED MOTION OF WHITE SANDS GROUP, L.L.C. FOR RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of the Amended Motion of White Sands Group, L.L.C. for Relief from the Automatic Stay (the "Amended Motion"), the Court, having jurisdiction to consider the Amended Motion, finding that sufficient notice of the Amended Motion was given, and having heard the evidence and arguments of counsel, finds that the Amended Motion should be granted.

Unless otherwise stated herein, all capitalized terms shall have the meaning ascribed to them in the Amended Motion or accompanying exhibits.

It is therefore ORDERED that the Amended Motion is GRANTED and the automatic stay is lifted, *nunc pro tunc* to the Petition date, as to White Sands Group, L.L.C. ("White Sands") to allow White Sands to proceed with certain state court proceedings pending in Alabama.

It is further ORDERED that the fourteen day stay of an order granting a motion for relief from the automatic stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3) is hereby waived.

Dated:___________________

_____________________________________
U.S. Bankruptcy Judge

**SERVICE LIST**
**Morris Radio Enterprises, L.L.C.**
**Case No. 09-31416**
**Document No. 6427760**

PRS II, LLC d/b/a Fort Morgan
c/o Gary Sarles
PRM Realty Group, LLC
900 Jackson Street
Dallas, TX 75202

Peter Morris
150 N. Wacker Dr., Suite 1120
Chicago, IL 60606

Peter Laufer
1225 Bodega Avenue
Bodega Bay, CA 94923

Sydney Stern
c/o PRM Realty Group, LLC
150 N. Wacker Dr., Suite 1120
Chicago, IL 60606

Pilot Pointe Development, LLC
3380 Hurricane Bay Drive
Theodore, AL 36582

Jerome Speegle
Zieman, Speegle, Jackson & Hoffman, LLC
5 Dauphin Street, Suite 301
Mobile, AL 36602

Mark Paneth & Schron
622 3rd Avenue, 7th Floor
New York, NY 10017

Laurie Spindler Huffman
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan St., Suite 1600
Dallas, TDX 75201

Bon Secour Partners, LLC
3535 Gillespie, #305
Dallas, TX 75219

Morris Radio Enterprises, L.L.C.
PRM Realty Group, LLC
Sarles & Ouimet
900 Jackson St.
Dallas, TX 75202

Christina Walton Stephenson Gerrit M. Pronske, Rakhee V. Patel, Vickie L. Driver
Pronske & Patel, P.C.
2200 Ross Avenue, Suite 5350
Dallas, TX 75201

Douglas S. Hackett
171 English Landing, #210
Parkville, MO 64152

Clear Channel Communications
Washington DC Market
5567 Collection Center Drive
Chicago, IL 60693

Tom Athans d/b/a Talk USA
1247 Woodward Ave., Apt. 801
Detroit, MI 48226-2030

Bar Pilot Land, LLC
3380 Hurricane Bay Drive
Theodore, AL 36582

Brockington and Associates
4836 Brecksville Road
Richfield, OH 44286

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 91114

Internal Revenue Service
1100 Commerce Street
Mail Code 5027 DAL
Dallas, TX 75242-1001

Bridge Funding, Inc.
c/o Jennifer S. Morgan
Hand Arendall LLC
P.O. Box 123
Mobile, AL 36601

PRS II, LLC
3535 Gillespie, No. 305
Dallas, TX 75219

UST U.S. Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242-1496

WVIP Hudson
Weschester Radio, Inc.
One Broadcast Forum
New Rochelle, NY 10801

Foundation of National Progress
Attn: Kevin Medford
222 Sutter Street, Suite 600
San Francisco, CA 94108

PRM Realty Group, LLC
Attn: Accounting Department
150 N. Wacker Dr., Suite 1120
Chicago, IL 60606

Peter Sterling
11 Raeburn Court
Babylon Village, NY 11702

Ross Security Consultants
Suite 68
Central Square
Central Avenue & Route 9
Linwood, NJ 08221

Robert Michael Galloway
Galloway, Wettermark, Everest, Rutens & Gaillard, LLP
P.O. Box 16629
Mobile, AL 36616

Wachovia Bank f/k/a/ South Trust Bank
3001 Dauphin Street
Mobile, AL 36606-4040

Hancock Bank
c/o Richard A. Wright
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, LLP
P.O. Box 46
Mobile, AL 36601

Hancock Bank
c/o Robert P. Franke, Melissa L. Gardner
Strasburger & Price, LLP
901 Main Street
Dallas, TX 75202-3729

Dees Engineering
Attn: Barry E. Dees
3817 Gulf Shore Parkway, Suite 9
Gulf Shores, AL 36542

Cohen, Seglias, Pallas, Greenhall & Furman PC
Attn: Roy Cohen
307 17th Street
Philadelphia, PA 19103

PM Transportation, LLC
3535 Gillespie, #305
Dallas, TX 75219

Enterprise Bank & Trust
c/o Enterprise Operations
1281 N. Warson Road
St. Louis, MO 63132

Marcus Alan Helt
Gardere, Wynne, Sewell, LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201

AVMATS
Spirit of St. Airport
18377 Edison Avenue
Chesterfield, MO 63005-3628

Honeywell
MSP Administration
1944 East Sky Harbor Circle
Mailstop 2102-229
Phoenix, AZ 85034

Atlantic Aviation
Waukesha County Airport
P.O. Box 951883
Dallas, TX 75395-1883

Flight Safety International
Marine Air Terminal
LaGuardia Airport
Flushing, NY 11371-1061

Charles M. Cobbs/Claude D. Smith
Cavazos, Hendricks, Poirot & Smitham, P.C.
900 Jackson Street
570 Founders Square
Dallas, TX 75202

Tom Athans
d/b/a Talk USA
7143 Steeplechase Way
Lansing, MI 48917

#6427760