# EXHIBIT A

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

PRS II, L.L.C.,       *

     Plaintiff,      *

v.      *     CASE NO. _CV-05-923_

WHITE SANDS GROUP, L.L.C. and      *
JEFF VALENTINE,      *

     Defendants.      *

CIRCUIT COURT
BALDWIN COUNTY, AL
FILED

AUG 03 2005

JODY W. CAMPBELL
CIRCUIT CLERK

### COMPLAINT

COMES NOW Plaintiff PRS II, Inc. ("PRS II") and as its Complaint alleges as follows:

### BACKGROUND

1.     PRSII is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

2.     White Sands Group, L.L.C. ("White Sands"), upon information and belief, is an Alabama limited liability company with its principal place of business in Baldwin County, Alabama.

3.     Upon information and belief, Jeff Valentine ("Valentine") is an Alabama citizen and resides in Baldwin County, Alabama.

4.     On March 1, 2005, PRS II purchased certain property from Bar Pilot Land, L.L.C. and obtained a deed representing fee simple ownership in the property.  Said property was located in Baldwin County, Alabama and is more properly described in the legal descriptions attached hereto as Exhibit A.

5.     On or about March 3, 2005, subsequent to PRS II's purchase of the property, Valentine filed an affidavit with the Baldwin County Probate Court suggesting an ownership

interest in certain portions of the real estate previously purchased by PRS II. Valentine and

White Sands are reputed to claim some right, title, lien or encumbrance on part of the property.

Other than the above-referenced Defendants, Plaintiff has made diligent inquiry and has not been

able to ascertain any other person or persons making a claim or interest to the said land. PRS II

currently holds title to the above-described lands under and by virtue of two deeds recorded in

the Office of the Judge of Probate in Baldwin County, Alabama, as Instrument Numbers 873357,

10 pages, and 877358, 7 pages, copies of which are attached hereto as Exhibit B and made a part

hereof by reference.

      6.      Other than the Defendants, Plaintiff does not know of any persons who claim the

above-described land or any part thereof or any title thereto, right or interest therein, lien thereon,

or encumbrance thereon.

      7.      No suit is pending to test Plaintiff's title to, interest in or right of possession of the

lands described in this Complaint or any part thereof.

      8.      No person has had any possession of the lands other than those tracing title

through the Plaintiff. There have been no claims for adverse possession.

## COUNT ONE
## QUIET TITLE

      9.      Plaintiff adopts and incorporates paragraphs 1 through 8 above as fully as though

set forth herein.

      10.      Plaintiff makes this Complaint to Quiet Title pursuant to *Alabama Code* (1975) §

6-6-540, *et seq.*

      11.      Plaintiff asserts that it is in sole possession of the property described herein.

      12.      PRS II asserts that it has fee simple interest in the above-described land.

      WHEREFORE, these premises considered, Plaintiff prays as follows:

(a)     that the said lands and Defendants, and their heirs or devisees, if deceased, and any and all unknown claimants to said land, if any, be made party defendant to this Complaint by issue of process and that the Clerk of this Court publish and give notice to all parties of the filing of this Complaint;

(b)     that each defendant be required to set forth and specify its title or claim to, or interest in, or encumbrance upon, or right to said lands herein described or any part thereof and be required to set forth and specify how and by what instrument or law the same is derived and created;

(c)     that the court appoint a guardian *ad litem* to represent and protect the interests of all of the defendants who may be minors, persons of unsound mind, and for all of the unknown defendants, including those who may be members of the military service of the United States of America;

(d)     that, upon a final hearing, the Court will enter a judgment that the Plaintiff is the owner of said lands in fee simple, free and clear of all claims, interests, liens, or encumbrances; and

(e)     that the Court grant such other, further and different relief as it deems appropriate.

## COUNT TWO
## DECLARATORY JUDGMENT

13.     Plaintiff adopts and incorporates paragraphs 1 through 12 above as fully as though set forth herein.

14.     PRS II brings this action pursuant to *Alabama Code* (1975) § 6-6-22 *et seq.* and requests that this Court take jurisdiction of this disputed matter between PRS II on the one hand and Jeff Valentine and White Sands on the other concerning their respective rights to that certain real estate described in Exhibit A attached hereto.

3

15.     PRS II has received fee simple interest through a statutory warranty deed executed March 1, 2005 and attached hereto as Exhibit B.

16.     PRS II asserts that it has the entire and undivided fee simple interest in said land with no restrictions thereon.

WHEREFORE, these premises considered, PRS II petitions this Honorable Court to take jurisdiction of the dispute between the Plaintiff and Defendants and further requests that this Honorable Court set this matter for a hearing to determine the interest in said land of the Plaintiff and Defendants and to make a determination that the Plaintiff is the owner of said land in fee simple, free and clear of all claims, interests, liens or encumbrances of the Defendants.

**COUNT THREE**
**SLANDER OF TITLE**

17.     Plaintiff adopts and incorporates paragraphs 1 through 16 above as fully as though set forth herein.

18.     Plaintiff brings this claim pursuant to *Alabama Code* § (1975) 6-5-211.

19.     By filing an affidavit in the Probate Court of Mobile County, Alabama, Valentine and White Sands have falsely and maliciously impugned the title of PRS II to said land.  The filing of the affidavit in Probate Court constitutes a publication as required under *Alabama Code* (1975) § 6-5-211.

20.     As a result of the Defendants' actions in impugning title, Plaintiff has been damaged in that it cannot proceed with development of the property as previously planned and as such, they have incurred loss of income, loss of use, and other costs including attorneys' fees.

WHEREFORE, these premises considered, Plaintiff demands judgment against the Defendants for compensatory and punitive damages in an amount in excess of this Court's jurisdictional minimum plus costs and attorneys' fees.

4

PRS II, L.L.C.

By: _____

As its: _____

STATE OF ~~ALABAMA~~ *Illinois* )
COUNTY OF *Cook* )

    I certify that *Peter R. Morris*, on behalf of PRS II, L.L.C., appeared before me on *August 1*, 2005, and swore that the foregoing is true and correct to the best of his knowledge, information, and belief.

"OFFICIAL SEAL"
DEMERETTE KEE
Notary Public, State of Illinois
My Commission Expires Nov. 19, 2005

_____
Notary Public
My Commission Expires *11-19-05*

_____
JEROME E. SPEEGLE (SPE
jspeegle@ziemanspeegle.com
ANTHONY M. HOFFMAN (HOF007)
thoffman@ziemanspeegle.com
Attorneys for Plaintiff PRS II, L.L.C.

ADDRESS OF COUNSEL
Zieman, Speegle, Jackson & Hoffman, L.L.C.
Post Office Box 11
Mobile, AL 36601
(251) 694-1700
Fax: (251) 694-1998

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:

WHITE SANDS GROUP, L.L.C.
C/O Christopher M. Rolison
16632 Keeney Drive E.
Fairhope, AL 36532

JEFF VALENTINE
15946 Keeney Drive
Fairhope, AL 36532

N:\P\PRM Realty\PRS II v. White Sands Group, LLC - 110203\Complaint.doc

35

EXHIBIT "A"

EXHIBIT "A"

LEGAL DESCRIPTION

Parcel 1

That part of the "Navy Cove Tract" lying West of highway right-of-way monument at
Station 160+91.0 in the A.P.K. Jones Grant Section 2:

Commence at the Southeast Corner of the A.P.K. Jones Grant Section 2, Township 9
South, Range 1 East and run thence South 87°09' West (or nearly so) 7270 feet, more or
less, to a concrete highway right-of-way monument at Station 160+91.0, on the North
side of the Dixie Graves Parkway; thence run North 159.3 feet, more or less, to a point on
the South side of said Jones Grant, and on the North line of the Francis Suarez Grant
Section 1, Township 9 South, Range 1 East, for a POINT OF BEGINNING.

Thence run along said Grant boundary South 83°35'23" West for a distance of 4243 feet
to a point on said Grant line, said point being the Southwest Corner of the Navy Cove Bar
Pilot's Claim as fixed by that certain decree recorded in Deed Book 45 at Page 385 in the
Office of the Judge of Probate, Baldwin County, Alabama; thence run North 250 feet;
thence run North 29°23' East, 480 feet; thence run North 60 feet, more or less, to a point
on the Southern shore of that part of Mobile Bay known as Navy Cove; thence run
Northeastwardly following the margin of said Bay, by the following courses:  North 68°
East, 1695 feet; North 40° East, 2100 feet, more or less, to a point near the Northwestern
tip of the island that has been designated as "Bar Pilots Island" since the 1979 Hurricane
event that washed away part of the Navy Cove Bar Pilots tract; thence run East 400 feet;
thence run South 900 feet; thence run West 700 feet, more or less, to a point on the
Western shore of St. Andrews Bay; thence run Southwardly, Southeastwardly,
Northwestwardly, and Eastwardly, along the margin of St. Andrews Bay to a point due
North of the Point of Beginning; thence run South 1200 feet, more or less, to the Point of
Beginning. Tract contains 110 acres, more or less, and lies in the A.P.K. Jones Grant
Section 2, Township 9 South, Range 1 East, Baldwin County, Alabama.  SAVE AND
EXCEPT all oil, gas and other minerals on, in and under the said property.

**Parcel 2**

Commence at the Southeast Corner of the A.P.K. Jones Grant Section 2, Township 9 South, Range 1 East, and run thence South 87°09' West (or nearly so) 7270 feet, more or less, to a concrete highway right-of-way monument at Station 160+91.0, on the North side of the Dixie Graves Parkway for a POINT OF BEGINNING:

From said Point of Beginning, run South 79°33'23" West, along the North margin of Dixie Graves Parkway right-of-way 1439.7 feet to Highway right-of-way Station 146+54.8; thence continue Southwestwardly along said right-of-way and along a curve to the right having a radius of 5631.23 feet, for a distance of 600.6 feet, more or less, (chord: South 82°33'24" West, 598 feet) to a point situated 178.3 feet Eastwardly from Highway right-of-way Station 138+53.1; thence run North 00 30' East, 272.34 feet, more or less, to a point on the South boundary of the A.P.K. Jones Grant Section 2 and on the North margin of the Francis Suarez Grant Section 1 in said Township; thence run along said Grant boundary North 83°35'23" East, for a distance of 2019.8 feet, more or less, to a point which is due North of the Point of Beginning; thence run South 159.3 feet to the Point of Beginning.  Tract contains 10.4 acres, more or less, lying in the Francis Suarez Grant Section 1.

**Parcel 3**

Commence at the Southeast Corner of the A.P.K. Jones Grant Section 2, Township 9 South, Range 1 East, and run thence South 87°09' West (or nearly so) 7270 feet, more or less, to a concrete highway right-of-way monument at Station 160+91.0, on the North side of the Dixie Graves Parkway; thence run North 159.3 feet to a point on the North boundary of the Francis Suarez Grant; thence run South 83°35'23" West, 4243 feet, more or less, along said Grant line to the Southwest Corner of the Navy Cove Bar Pilots claim as determined by decree recorded in Deed Book 45, at Page 385, in the Office of the Judge of Probate, Baldwin County, Alabama for a POINT OF BEGINNING:

From said Point of Beginning, run South 128.8 feet, more or less, to a point on the North margin of the right-of-way of Dixie Graves Parkway; thence run North 87°25'54" East, along said right-of-way for a distance of 785.5 feet to a point situated 1245.7 feet Westwardly from right-of-way station 138+53.1; thence run North 181.78 feet, more or less to a point on said Grant line; thence run South 83°35'23" West, along said Grant line, 790 feet, more or less, to the Point of Beginning.  Tract contains 2.8 acres, more or less, lying in the Francis Suarez Grant Section 1, Township 9 South, Range 1 East, Baldwin County, Alabama.

LESS AND EXCEPT:

Commencing at a concrete monument at P.C. Station 160+91 on the North right of way line of Alabama Highway 180, said monument being located South 78°09' West, 7,270.00 feet from the Southeast corner of the A. P. K. Jones Grant Section 2, Township 9 South, Range 1 East, Baldwin County, Alabama; thence Run North 00°11'01" East,

-9-

159.30 feet; thence run South 83°31'55" West along the North line of the Frances Suarez Grant Section 1, Township 9 South, Range 1 East, 2424.93 feet to the point of beginning of the property herein described; thence continue South 83°31'55" West, 1029.42 feet; thence run South 00°02'27" East, 181.88 feet; thence run South 87°22'54" West along the North right-of-way line of Alabama Highway 180, 175.86 feet; thence departing said right-of-way line run North 14°39'10" West, 188.48 feet; thence run North 20°38'12" East, 79.02 feet; thence run North 45°21'36" West, 105.99 feet; thence run North 13°35'51" West, 340 feet to the South margin of Navy Cove; thence run Northeastwardly along said South margin of Navy Cove 1345 feet, more or less (Chord bears North 61°59'02" East, and measures 1344.83 feet); thence run South 28°56'35" East, 314 feet; thence run South 34°13'50" East, 367.10 feet; thence run South 67°09'46" West, 249.37 feet; thence run Southwardly along the arc of a curve to the right having a radius of 50.00 feet, an arc distance of 57.36 feet (the chord bears South 01°58'55" East, and measures 54.26 feet); thence run South 12°13'06" East, 263.90 feet to the point of beginning and containing 24.57 acres more or less.

SUBJECT TO THE FOLLOWING EXCEPTIONS

1.  Ad valorem taxes for the year 2004-05 which said taxes are not due and payable until October 1, 2005.

2.  All oil, gas and other minerals in, on and under said property, together with all rights in connection therewith, as have previously been reserved by or conveyed to others.

3.  Easements, restrictions or other matters contained in the records of the Judge of Probate of Baldwin County, Alabama.

4.  Outstanding Mortgages to SouthTrust Bank, which the Mortgagee is obligated to pay according to the mortgage terms but such mortgage must be paid in full when the indebtedness secured herein is paid in full.

5.  Subject to existing cemetery as defined by court order.

EXHIBIT "A"

LEGAL DESCRIPTION

Commencing at a concrete monument at P.C. Station 160+91 on the North right of way line of Alabama Highway 180, said monument being located South 78°09' West, 7,270.00 feet from the Southeast corner of the A. P. K. Jones Grant Section 2, Township 9 South, Range 1 East, Baldwin County, Alabama; thence Run North 00°11'01" East, 159.30 feet; thence run South 83°31'55" West along the North line of the Frances Suarez Grant Section 1, Township 9 South, Range 1 East, 2424.93 feet to the point of beginning of the property herein described; thence continue South 83°31'55" West, 1029.42 feet; thence run South 00°02'27" East, 181.88 feet; thence run South 87°22'54" West along the North right-of-way line of Alabama Highway 180, 175.86 feet; thence departing said right-of-way line run North 14°39'10" West, 188.48 feet; thence run North 20°38'12" East, 79.02 feet; thence run North 45°21'36" West, 105.99 feet; thence run North 13°35'51" West, 340 feet to the South margin of Navy Cove; thence run Northeastwardly along said South margin of Navy Cove 1345 feet, more or less (Chord bears North 61°59'02" East, and measures 1344.83 feet); thence run South 28°56'35" East, 314 feet; thence run South 34°13'50" East, 367.10 feet; thence run South 67°09'46" West, 249.37 feet; thence run Southwardly along the arc of a curve to the right having a radius of 50.00 feet, an arc distance of 57.36 feet (the chord bears South 01°58'55" East, and measures 54.26 feet); thence run South 12°13'06" East, 263.90 feet to the point of beginning and containing 24.57 acres more or less.

SUBJECT TO THE FOLLOWING EXCEPTIONS

1.    Ad valorem taxes for the year 2004-05 which said taxes are not due and payable until October 1, 2005.

2.    All oil, gas and other minerals in, on and under said property, together with all rights in connection therewith, as have previously been reserved by or conveyed to others.

3.    Easements, restrictions or other matters contained in the records of the Judge of Probate of Baldwin County, Alabama.

4.    Outstanding Mortgages to SouthTrust Bank, vendors lien to Bar Pilot Land, L.L.C. and others which the Mortgagee is obligated to pay according to the mortgage terms but such mortgages must be paid in full when the indebtedness secured herein is paid in full.

–7–

EXHIBIT "B"

COPY

STATE OF ALABAMA          )

COUNTY OF BALDWIN     )

State of Alabama, Baldwin County
I certify this instrument was filed
and taxes collected on:

2005 March   - 2 10: 9AM
Instrument Number 873358  Pages
Recording   21.00 Mortgage
Deed      .50 Min Tax
Index     ADrian T. Johns, Judge of Probate
Archive   5.00

## WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS that **Pilots Pointe Development, L.L.C.,** an

Alabama limited liability company, (herein called "Grantor,"), in consideration of the sum of

TEN AND NO/100ths ($10.00) DOLLARS and other good and valuable consideration

hereby acknowledged to have been paid to Grantor by **PRS II, L.L.C.,** a Delaware limited

liability company (herein called "Grantee,"), does hereby GRANT, BARGAIN, SELL and

CONVEY unto Grantee, the real property more particularly described in Exhibit "A,"

attached hereto and made a part hereof.

The property hereby conveyed is subject to the matters, exceptions and reservations set forth

in Exhibit "A" hereto.

TO HAVE AND TO HOLD said property, together with all and singular the rights,

members, privileges, improvements, hereditaments, easements, and appurtenances thereunto

belonging or in anywise appertaining, unto Grantee for in fee simple and to its successors

and assigns, forever, together with every contingent remainder and right of reversion.

Grantor and its successors and assigns covenant to and with Grantee and its successors and

assigns, that, except as to the matters, exceptions and reservations set forth herein or in

-1-

Exhibit "A" hereto, Grantor is lawfully seized of an indefeasible estate in fee simple in and to said property; that it has a good and lawful right to sell and convey the same in fee simple; that said property is free and clear of all liens and encumbrances; that it is in the quiet and peaceable possession of said property; and that Grantor will, and the successors and assigns of Grantor shall, forever warrant and defend the title to said property, and the possession thereof, unto Grantee and its successors and assigns, against the lawful claims of all persons.

The words Grantor and Grantee, respectively, wherever used herein, shall be construed as plural and all singular nouns and pronouns, respectively, shall be construed as plural, whenever the sense of this deed indicates that such should be the construction.

All recording references herein are to the records in the Office of the Judge of Probate of Baldwin County, Alabama, unless otherwise indicated.

The terms and conditions contained in the Purchase Money Loan Agreement, the Indemnification Agreements, the Guaranty and the other agreements dated this same date between the Grantor and the Grantee and others, are hereby incorporated by reference, specifically the provisions which allow recession of the purchase transaction, this deed and the mortgage in the event there are defects in title to the Property. The Grantor and Grantee agree that the other agreements described above are not merged into this deed but the provisions of the other agreements shall survive delivery of this deed.

-2-

IN WITNESS WHEREOF, this instrument has been executed this _1st_ day of
_MARCH_____, 2005 by the undersigned.

                                        PILOTS POINTE DEVELOPMENT, L.L.C.

                              By: _____
                                  J. Patrick Langan, Member

                                  _____
                                  Thomas P. Langan, Member

                                  _____
                                  Michael D. Langan, Member

                                  _____
                                  Thomas J, Langan, Jr., Member

                                  _____
                                  Mark S. Langan, Member


STATE OF ALABAMA

COUNTY OF MOBILE

     I, the undersigned Notary Public in and for said County in said State, hereby certify
that J. Patrick Langan, whose name as Member of PILOTS POINTE DEVELOPMENT,
L.L.C., an Alabama limited liability company, is signed to the foregoing instrument and who
is known to me, acknowledged before me on this day that, being informed of the contents of
the instrument, (s)he, as such member and with full authority, executed the same voluntarily
for and as the act of said company.

     Given under my hand and official seal this _1st_ day of _March___, 2005.

                                  _____
                                  Notary Public
                                  My Commission Expires:_____

[ Notary Seal ]                        NOTARY PUBLIC STATE OF ALABAMA AT LARGE
                                       MY COMMISSION EXPIRES: Dec 2, 2007
                                       BONDED THRU NOTARY PUBLIC UNDERWRITERS

                                       Instrument  873358 Page  3of  7

STATE OF ALABAMA

COUNTY OF MOBILE

I, the undersigned Notary Public in and for said County in said State, hereby certify that Thomas J. Langan, whose name as Member of PILOTS POINTE DEVELOPMENT, L.L.C., an Alabama limited liability company, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, (s)he, as such member and with full authority, executed the same voluntarily for and as the act of said company.

Given under my hand and official seal this 1st day of March , 2005.

Gayle B. Cawthon
Notary Public
My Commission Expires:_____

[ Notary Seal ]

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Dec 2, 2007
BONDED THRU NOTARY PUBLIC UNDERWRITERS

STATE OF ALABAMA

COUNTY OF MOBILE

I, the undersigned Notary Public in and for said County in said State, hereby certify that Michael D. Langan, whose name as Member of PILOTS POINTE DEVELOPMENT, L.L.C., an Alabama limited liability company, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, (s)he, as such member and with full authority, executed the same voluntarily for and as the act of said company.

Given under my hand and official seal this 1st day of March , 2005.

Gayle B. Cawthon
Notary Public
My Commission Expires:_____

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Dec 2, 2007
BONDED THRU NOTARY PUBLIC UNDERWRITERS

[ Notary Seal ]

Instrument 873358 Page 4 of 7

STATE OF ALABAMA

COUNTY OF MOBILE

I, the undersigned Notary Public in and for said County in said State, hereby certify that Thomas J. Langan, Jr., whose name as Member of PILOTS POINTE DEVELOPMENT, L.L.C., an Alabama limited liability company, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, (s)he, as such member and with full authority, executed the same voluntarily for and as the act of said company.

Given under my hand and official seal this 1st day of March, 2005.

Gayle B. Cawthorn
Notary Public
My Commission Expires:_____

[ Notary Seal ]

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Dec 2, 2007
BONDED THRU NOTARY PUBLIC UNDERWRITERS

STATE OF ALABAMA

COUNTY OF MOBILE

I, the undersigned Notary Public in and for said County in said State, hereby certify that Mark S. Langan, whose name as Member of PILOTS POINTE DEVELOPMENT, L.L.C., an Alabama limited liability company, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, (s)he, as such member and with full authority, executed the same voluntarily for and as the act of said company.

Given under my hand and official seal this 1st day of March, 2005.

Gayle B. Cawthorn
Notary Public
My Commission Expires:_____

[ Notary Seal ]

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Dec 2, 2007
BONDED THRU NOTARY PUBLIC UNDERWRITERS

Instrument 873358 Page 5of 7

This instrument prepared by:

Jerome E. Speegle, Esq.
Zieman, Speegle, Jackson & Hoffman, L.L.C.
Post Office Box 11
Mobile, Alabama 36601
(251) 694-1700
(251) 694-1700
jspeegle@ziemanspeegle.com


Grantee's Address:
PRS II, L.L.C.
c/o Jerome E. Speegle, Esq.
P.O. Box 11
Mobile, Alabama  36601

-6-

EXHIBIT "A"

LEGAL DESCRIPTION

Commencing at a concrete monument at P.C. Station 160+91 on the North right of way line of Alabama Highway 180, said monument being located South 78°09' West, 7,270.00 feet from the Southeast corner of the A. P. K. Jones Grant Section 2, Township 9 South, Range 1 East, Baldwin County, Alabama; thence Run North 00°11'01" East, 159.30 feet; thence run South 83°31'55" West along the North line of the Frances Suarez Grant Section 1, Township 9 South, Range 1 East, 2424.93 feet to the point of beginning of the property herein described; thence continue South 83°31'55" West, 1029.42 feet; thence run South 00°02'27" East, 181.88 feet; thence run South 87°22'54" West along the North right-of-way line of Alabama Highway 180, 175.86 feet; thence departing said right-of-way line run North 14°39'10" West, 188.48 feet; thence run North 20°38'12" East, 79.02 feet; thence run North 45°21'36" West, 105.99 feet; thence run North 13°35'51" West, 340 feet to the South margin of Navy Cove; thence run Northeastwardly along said South margin of Navy Cove 1345 feet, more or less (Chord bears North 61°59'02" East, and measures 1344.83 feet); thence run South 28°56'35" East, 314 feet; thence run South 34°13'50" East, 367.10 feet; thence run South 67°09'46" West, 249.37 feet; thence run Southwardly along the arc of a curve to the right having a radius of 50.00 feet, an arc distance of 57.36 feet (the chord bears South 01°58'55" East, and measures 54.26 feet); thence run South 12°13'06" East, 263.90 feet to the point of beginning and containing 24.57 acres more or less.

SUBJECT TO THE FOLLOWING EXCEPTIONS

1.   Ad valorem taxes for the year 2004-05 which said taxes are not due and payable until October 1, 2005.

2.   All oil, gas and other minerals in, on and under said property, together with all rights in connection therewith, as have previously been reserved by or conveyed to others.

3.   Easements, restrictions or other matters contained in the records of the Judge of Probate of Baldwin County, Alabama.

4.   Outstanding Mortgages to SouthTrust Bank, vendors lien to Bar Pilot Land, L.L.C. and others which the Mortgagee is obligated to pay according to the mortgage terms but such mortgages must be paid in full when the indebtedness secured herein is paid in full.

-7-

COPY

STATE OF ALABAMA        )

COUNTY OF BALDWIN       )

State of Alabama, Baldwin County
I certify this instrument was filed
and taxes collected on:

2005 March  - 2 10: 9AM

Instrument Number  673357  Pages  18
Recording       30.00  Mortgage
Deed             .50  Min Tax
Index            5.00  DP            5.00
Archive
Adrian T. Johns, Judge of Probate

## WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS that **Bar Pilot Land, L.L.C.,** an Alabama

limited liability company, (herein called "Grantor,"), in consideration of the sum of TEN

AND NO/100ths ($10.00) DOLLARS and other good and valuable consideration hereby

acknowledged to have been paid to Grantor by **PRS II, L.L.C.,** a Delaware limited liability

company (herein called "Grantee,"), does hereby GRANT, BARGAIN, SELL and

CONVEY unto Grantee, the real property more particularly described in Exhibit "A,"

attached hereto and made a part hereof.


The property hereby conveyed is subject to the matters, exceptions and reservations set forth

in Exhibit "A" hereto.


TO HAVE AND TO HOLD said property, together with all and singular the rights,

members, privileges, improvements, hereditaments, easements, and appurtenances thereunto

belonging or in anywise appertaining, unto Grantee for in fee simple and to its successors

and assigns, forever, together with every contingent remainder and right of reversion.


Grantor and its successors and assigns covenant to and with Grantee and its successors and

assigns, that, except as to the matters, exceptions and reservations set forth herein or in

-1-

Exhibit "A" hereto, Grantor is lawfully seized of an indefeasible estate in fee simple in and

to said property; that it has a good and lawful right to sell and convey the same in fee

simple; that said property is free and clear of all liens and encumbrances; that it is in the

quiet and peaceable possession of said property; and that Grantor will, and the successors

and assigns of Grantor shall, forever warrant and defend the title to said property, and the

possession thereof, unto Grantee and its successors and assigns, against the lawful claims of

all persons.

The words Grantor and Grantee, respectively, wherever used herein, shall be construed as

plural and all singular nouns and pronouns, respectively, shall be construed as plural,

whenever the sense of this deed indicates that such should be the construction.

All recording references herein are to the records in the Office of the Judge of Probate of

Baldwin County, Alabama, unless otherwise indicated.

The terms and conditions contained in the Purchase Money Loan Agreement, the

Indemnification Agreements, the Guaranty and the other agreements dated this same date

between the Grantor and the Grantee and others, are hereby incorporated by reference,

specifically the provisions which allow recession of the purchase transaction, this deed and

the mortgage in the event there are defects in title to the Property.  The Grantor and Grantee

agree that the other agreements described above are not merged into this deed but the

provisions of the other agreements shall survive delivery of this deed.

-2-

IN WITNESS WHEREOF, this instrument has been executed this ___*1st*___ day of

___*MARCH*___, 2005 by the undersigned.

BAR PILOT LAND, L.L.C.

By: _____
J. Patrick Langan, Member

_____
Thomas J. Langan, Member

_____
Michael D. Langan, Member

_____
Thomas J, Langan, Jr., Member

_____
Mark S. Langan, Member

STATE OF ALABAMA

COUNTY OF MOBILE

I, the undersigned Notary Public in and for said County in said State, hereby certify that J. Patrick Langan, whose name as Member of BAR PILOT LAND, L.L.C., an Alabama limited liability company, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, (s)he, as such member and with full authority, executed the same voluntarily for and as the act of said company.

Given under my hand and official seal this *1st* day of *March*, 2005.

_____
Notary Public
My Commission Expires:_____

[ Notary Seal ]

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES:  Dec 2, 2007
BONDED THRU NOTARY PUBLIC UNDERWRITERS

–3–

Instrument  873357 Page  3of 18

STATE OF ALABAMA

COUNTY OF MOBILE

I, the undersigned Notary Public in and for said County in said State, hereby certify that Thomas J. Langan, whose name as Member of BAR PILOT LAND, L.L.C., an Alabama limited liability company, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, (s)he, as such member and with full authority, executed the same voluntarily for and as the act of said company.

Given under my hand and official seal this 1st day of March, 2005.

Gayle B. Cawthon
Notary Public
My Commission Expires: _____

[ Notary Seal ]

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Dec 2, 2007
BONDED THRU NOTARY PUBLIC UNDERWRITERS

STATE OF ALABAMA

COUNTY OF MOBILE

I, the undersigned Notary Public in and for said County in said State, hereby certify that Michael D. Langan, whose name as Member of BAR PILOT LAND, L.L.C., an Alabama limited liability company, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, (s)he, as such member and with full authority, executed the same voluntarily for and as the act of said company.

Given under my hand and official seal this 1st day of March, 2005.

Gayle B. Cawthon
Notary Public
My Commission Expires: _____

[ Notary Seal ]

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Dec 2, 2007
BONDED THRU NOTARY PUBLIC UNDERWRITERS

Instrument  873357 Page  4of 18

STATE OF ALABAMA

COUNTY OF MOBILE

I, the undersigned Notary Public in and for said County in said State, hereby certify that Thomas J. Langan, Jr., whose name as Member of BAR PILOT LAND, L.L.C., an Alabama limited liability company, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, (s)he, as such member and with full authority, executed the same voluntarily for and as the act of said company.

Given under my hand and official seal this 1st day of March, 2005.

Gayle B. Cawthorn

Notary Public
My Commission Expires:_____

[ Notary Seal ]

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES:  Dec 2, 2007
BONDED THRU NOTARY PUBLIC UNDERWRITERS

STATE OF ALABAMA

COUNTY OF MOBILE

I, the undersigned Notary Public in and for said County in said State, hereby certify that Mark S. Langan, whose name as Member of BAR PILOT LAND, L.L.C., an Alabama limited liability company, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, (s)he, as such member and with full authority, executed the same voluntarily for and as the act of said company.

Given under my hand and official seal this 1st day of March, 2005.

Gayle B. Cawthorn

Notary Public
My Commission Expires:_____

[ Notary Seal ]

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES:  Dec 2, 2007
BONDED THRU NOTARY PUBLIC UNDERWRITERS

Instrument  873357 Page  5of 10

This instrument prepared by:

Jerome E. Speegle, Esq.
Zieman, Speegle, Jackson & Hoffman, L.L.C.
Post Office Box 11
Mobile, Alabama 36601
(251) 694-1700
(251) 694-1700
jspeegle@ziemanspeegle.com


Grantee's Address:
PRS II, L.L.C.
c/o Jerome E. Speegle, Esq.
P.O. Box 11
Mobile, Alabama 36601

## EXHIBIT "A"

## LEGAL DESCRIPTION

### Parcel 1

That part of the "Navy Cove Tract" lying West of highway right-of-way monument at Station 160+91.0 in the A.P.K. Jones Grant Section 2:

Commence at the Southeast Corner of the A.P.K. Jones Grant Section 2, Township 9 South, Range 1 East and run thence South 87°09' West (or nearly so) 7270 feet, more or less, to a concrete highway right-of-way monument at Station 160+91.0, on the North side of the Dixie Graves Parkway; thence run North 159.3 feet, more or less, to a point on the South side of said Jones Grant, and on the North line of the Francis Suarez Grant Section 1, Township 9 South, Range 1 East, for a POINT OF BEGINNING.

Thence run along said Grant boundary South 83°35'23" West for a distance of 4243 feet to a point on said Grant line, said point being the Southwest Corner of the Navy Cove Bar Pilot's Claim as fixed by that certain decree recorded in Deed Book 45 at Page 385 in the Office of the Judge of Probate, Baldwin County, Alabama; thence run North 250 feet; thence run North 29°23' East, 480 feet; thence run North 60 feet, more or less, to a point on the Southern shore of that part of Mobile Bay known as Navy Cove; thence run Northeastwardly following the margin of said Bay, by the following courses: North 68° East, 1695 feet; North 40° East, 2100 feet, more or less, to a point near the Northwestern tip of the island that has been designated as "Bar Pilots Island" since the 1979 Hurricane event that washed away part of the Navy Cove Bar Pilots tract; thence run East 400 feet; thence run South 900 feet; thence run West 700 feet, more or less, to a point on the Western shore of St. Andrews Bay; thence run Southwardly, Southeastwardly, Northwestwardly, and Eastwardly, along the margin of St. Andrews Bay to a point due North of the Point of Beginning; thence run South 1200 feet, more or less, to the Point of Beginning. Tract contains 110 acres, more or less, and lies in the A.P.K. Jones Grant Section 2, Township 9 South, Range 1 East, Baldwin County, Alabama. SAVE AND EXCEPT all oil, gas and other minerals on, in and under the said property.

Instrument 873357 Page

**Parcel 2**

Commence at the Southeast Corner of the A.P.K. Jones Grant Section 2, Township 9 South, Range 1 East, and run thence South 87°09' West (or nearly so) 7270 feet, more or less, to a concrete highway right-of-way monument at Station 160+91.0, on the North side of the Dixie Graves Parkway for a POINT OF BEGINNING:

From said Point of Beginning, run South 79°33'23" West, along the North margin of Dixie Graves Parkway right-of-way 1439.7 feet to Highway right-of-way Station 146+54.8; thence continue Southwestwardly along said right-of-way and along a curve to the right having a radius of 5631.23 feet, for a distance of 600.6 feet, more or less, (chord: South 82°33'24" West, 598 feet) to a point situated 178.3 feet Eastwardly from Highway right-of-way Station 138+53.1; thence run North 00 30' East, 272.34 feet, more or less, to a point on the South boundary of the A.P.K. Jones Grant Section 2 and on the North margin of the Francis Suarez Grant Section 1 in said Township; thence run along said Grant boundary North 83°35'23" East, for a distance of 2019.8 feet, more or less, to a point which is due North of the Point of Beginning; thence run South 159.3 feet to the Point of Beginning. Tract contains 10.4 acres, more or less, lying in the Francis Suarez Grant Section 1.

Instrument  873357 Page  8of 18

### Parcel 3

Commence at the Southeast Corner of the A.P.K. Jones Grant

Section 2, Township 9 South, Range 1 East, and run thence South 87°09' West (or nearly

so) 7270 feet, more or less, to a concrete highway right-of-way monument at Station

160+91.0, on the North side of the Dixie Graves Parkway; thence run North 159.3 feet to

a point on the North boundary of the Francis Suarez Grant; thence run South 83°35'23"

West, 4243 feet, more or less, along said Grant line to the Southwest Corner of the Navy

Cove Bar Pilots claim as determined by decree recorded in Deed Book 45, at Page 385, in

the Office of the Judge of Probate, Baldwin County, Alabama for a POINT OF

BEGINNING:


From said Point of Beginning, run South 128.8 feet, more or less,

to a point on the North margin of the right-of-way of Dixie Graves Parkway; thence run

North 87°25'54" East, along said right-of-way for a distance of 785.5 feet to a point

situated 1245.7 feet Westwardly from right-of-way station 138+53.1; thence run North

181.78 feet, more or less to a point on said Grant line; thence run South 83°35'23" West,

along said Grant line, 790 feet, more or less, to the Point of Beginning.  Tract contains

2.8 acres, more or less, lying in the Francis Suarez Grant Section 1, Township 9 South,

Range 1 East, Baldwin County, Alabama.

### LESS AND EXCEPT:

Commencing at a concrete monument at P.C. Station 160+91 on the North right of way
line of Alabama Highway 180, said monument being located South 78°09' West,
7,270.00 feet from the Southeast corner of the A. P. K. Jones Grant Section 2, Township
9 South, Range 1 East, Baldwin County, Alabama; thence Run North 00°11'01" East,

159.30 feet; thence run South 83°31'55" West along the North line of the Frances Suarez Grant Section 1, Township 9 South, Range 1 East, 2424.93 feet to the point of beginning of the property herein described; thence continue South 83°31'55" West, 1029.42 feet; thence run South 00°02'27" East, 181.88 feet; thence run South 87°22'54" West along the North right-of-way line of Alabama Highway 180, 175.86 feet; thence departing said right-of-way line run North 14°39'10" West, 188.48 feet; thence run North 20°38'12" East, 79.02 feet; thence run North 45°21'36" West, 105.99 feet; thence run North 13°35'51" West, 340 feet to the South margin of Navy Cove; thence run Northeastwardly along said South margin of Navy Cove 1345 feet, more or less (Chord bears North 61°59'02" East, and measures 1344.83 feet); thence run South 28°56'35" East, 314 feet; thence run South 34°13'50" East, 367.10 feet; thence run South 67°09'46" West, 249.37 feet; thence run Southwardly along the arc of a curve to the right having a radius of 50.00 feet, an arc distance of 57.36 feet (the chord bears South 01°58'55" East, and measures 54.26 feet); thence run South 12°13'06" East, 263.90 feet to the point of beginning and containing 24.57 acres more or less.

## SUBJECT TO THE FOLLOWING EXCEPTIONS

1.  Ad valorem taxes for the year 2004-05 which said taxes are not due and payable until October 1, 2005.

2.  All oil, gas and other minerals in, on and under said property, together with all rights in connection therewith, as have previously been reserved by or conveyed to others.

3.  Easements, restrictions or other matters contained in the records of the Judge of Probate of Baldwin County, Alabama.

4.  Outstanding Mortgages to SouthTrust Bank, which the Mortgagee is obligated to pay according to the mortgage terms but such mortgage must be paid in full when the indebtedness secured herein is paid in full.

5.  Subject to existing cemetery as defined by court order.