# EXHIBIT B

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| PRS II, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) CASE NO. CV-05-923 | CIRCUIT COURT<br>BALDWIN COUNTY, AL<br>FILED |
| | ) | |
| WHITE SANDS GROUP, L.L.C. and | ) | SEP 26 2005 |
| JEFF VALENTINE, | ) | |
| | ) | JODY W. CAMPBELL |
| Defendants. | ) | CIRCUIT CLERK |

### ANSWER OF WHITE SANDS GROUP, L.L.C. AND JEFF VALENTINE AND COUNTERCLAIM OF WHITE SANDS GROUP, L.L.C. AND CHRIS ROLISON

### ANSWER

Defendants White Sands Group, L.L.C. [White Sands] and Jeff Valentine, by and through counsel, answer the allegations of Plaintiff PRS II, L.L.C.'s complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted to the extent that Plaintiff purported to purchase certain property from Bar Pilot Land, L.L.C. and that said property was located in Baldwin County, Alabama. To the extent not admitted, the allegations of paragraph 4 of Plaintiff's complaint are denied.

5. Admitted to the extent that Jeff Valentine filed an affidavit on behalf of White Sands claiming an interest in certain real property located in Baldwin County, which is more particularly

described in the filing. To the extent not admitted, the allegations of paragraph 5 of Plaintiff's complaint are denied.

6. Defendants lack sufficient information to admit or deny the allegations of paragraph 6 of Plaintiff's complaint.

7. Defendants lack sufficient information to admit or deny the allegations of paragraph 7 of Plaintiff's complaint.

8. Defendants lack sufficient information to admit or deny the allegations of paragraph 8 of Plaintiff's complaint.

### Count One

9. Defendants reallege their answers to the preceding paragraphs of the complaint as if fully set forth herein.

10. No response is called for from Defendants as to the purported statutory section pursuant to which Plaintiff asserts its claim. To the extent any response is required, Defendants deny Plaintiff is entitled to any relief under the statutory section under which it purports to bring its claim.

11. Defendants lack sufficient information to admit or deny the allegations of paragraph 11 of Plaintiff's complaint.

12. Denied.

### Count Two

13. Defendants reallege their answers to the preceding paragraphs of the complaint as if fully set forth herein.

14. No response is called for from Defendants as to the purported statutory section pursuant to which Plaintiff asserts its claim. To the extent any response is required, Defendants deny Plaintiff is entitled to any relief under the statutory section under which it purports to bring its claim

15. Denied.

16. Denied.

### Count Three

17. Defendants reallege their answers to the preceding paragraphs of the complaint as if fully set forth herein.

18. No response is called for from Defendants as to the purported statutory section pursuant to which Plaintiff asserts its claim. To the extent any response is required, Defendants deny Plaintiff is entitled to any relief under the statutory section under which it purports to bring its claim

19. Denied.

20. Denied.

21. To the extent not expressly admitted, the allegations of Plaintiff's complaint are denied.

### First Affirmative Defense

Plaintiff's complaint and each count thereof fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by its own unclean hands.

### Third Affirmative Defense

Plaintiff's claims are barred by laches.

### Fourth Affirmative Defense

Plaintiff's claims are barred by bad faith.

### Fifth Affirmative Defense

Plaintiff's claims are barred by wavier.

### Sixth Affirmative Defense

Plaintiff's claims are barred by estoppel.

### Seventh Affirmative Defense

Count Three of Plaintiff's complaint fails to state a claim upon which attorneys' fees may be awarded.

### Eighth Affirmative Defense

Plaintiff's demand for punitive damages violates the excessive fines provisions, due process clauses and equal protection clauses of both the United States Constitution and the Alabama Constitution of 1901.

### Ninth Affirmative Defense

Defendants plead all procedural and substantive limitations regarding the imposition of punitive damages, including but not limited to the statutory limits applicable thereto.

### Tenth Affirmative Defense

Defendant White Sands has a colorable claim to title to the real property described in the affidavit, and, as such, as a matter of law, Plaintiff's slander of title claim is not maintainable.

### Eleventh Affirmative Defense

At all times, Defendants acted in good faith and with reasonable belief of their legal and equitable interests in the real property in issue.

4

| | |
|---|---|
| WHITE SANDS GROUP, LLC; and ) <br> CHRIS ROLISON, ) <br>  ) <br> Counterclaim Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> LANGAN DEVELOPMENT COMPANY; ) <br> BAR PILOT LAND, LLC; PILOTS ) <br> POINTE DEVELOPMENT, LLC; ) <br> STEVE CANTOR; PETER STERLING; ) <br> MICHAEL ASFOUR; P&M BUILDERS, ) <br> LLC; PRS II, L.L.C.; Fictitious Defendants ) <br> 1-10 being the true and correct names of the ) <br> named Defendants; Fictitious Defendants ) <br> 11-23 being those individuals and/or entities ) <br> who conspired with any of the named ) <br> Defendants in the commission of the ) <br> wrongs alleged herein and whose true and ) <br> correct identities are currently unknown ) <br> but will be substituted upon discovery; ) <br> Fictitious Defendants 24-45 being those ) <br> individuals and/or entities who participated ) <br> in or otherwise committed any of the ) <br> wrongs alleged herein and whose true and ) <br> correct identities are currently unknown but ) <br> will be substituted upon discovery; ) <br> Fictitious Defendants 46-56 being those ) <br> individuals and/or entities who owned or ) <br> had any interest in the real property that is ) <br> the subject of the contract of May 12, 2004 ) <br> referenced herein and whose true and correct) <br> identities are currently unknown but will be ) <br> substituted upon discovery; ) <br>  ) <br> Counterclaim Defendants. ) | Civil Action No. CV- 05-923 |

## **COUNTERCLAIM**

Counterclaim Plaintiffs White Sands Group, L.L.C. and Chris Rolison, for their counterclaim, allege as follows:

5

## Count I

1. Counterclaim Plaintiff White Sands Group, LLC is an Alabama limited liability corporation with its principal place of business in Baldwin County, Alabama.

2. Counterclaim Plaintiff Chris Rolison is over the age of nineteen years and is a resident of Baldwin County, Alabama.

3. Counterclaim Defendant Langan Development Company is an Alabama corporation doing business by agent in Baldwin County, Alabama.

4. Counterclaim Defendant Pilots Pointe Development LLC is an Alabama limited liability corporation doing business by agent in Baldwin County, Alabama.

5. Counterclaim Defendant Bar Pilot Land, LLC is an Alabama limited liability corporation doing business by agent in Baldwin County, Alabama.

6. Counterclaim Defendant Steve Cantor is over the age of nineteen years and, upon information and belief, is a resident of the State of New York.

7. Counterclaim Defendant Peter Sterling is over the age of nineteen years and, upon information and belief, is a resident of the State of New York.

8. Counterclaim Defendant Michael Asfour is over the age of nineteen years and, upon information and belief is a resident of the State of New York.

9. Counterclaim Defendant P&M Builders, LLC is a limited liability corporation doing business by agent in Baldwin County, Alabama.

10. Counterclaim Defendant PRS II, L.L.C. is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

11. Fictitious Defendants 1-10 are the true and correct names of the above-named Defendants and whose true and correct names are otherwise unknown and will be substituted upon discovery.

12. Fictitious Defendants 11-23 are those individuals and/or entities who conspired with any of the named Defendants in the commission of the wrongs alleged herein and whose true and correct identities are currently unknown but will be substituted upon discovery.

13. Fictitious Defendants 24-45 are those individuals and/or entities who participated in or otherwise committed any of the wrongs alleged herein and whose true and correct identities are currently unknown but will be substituted upon discovery.

14. Fictitious Defendants 46-56 are those individuals and/or entities who owned or had any interest in the real property that is the subject of the contract of May 12, 2004 referenced herein and whose true and correct identities are currently unknown but will be substituted upon discovery.

15. Counterclaim Plaintiff White Sands Group, LLC entered into a written contract on May 12, 2004 with Counterclaim Defendant Pilots Pointe Development, LLC and/or Counterclaim Defendant Langan Development and/or Counterclaim Defendant Bar Pilot Land, LLC and/or Fictitious Defendants 1-10 and 46-56 to purchase certain real property. A true and correct copy of said contract is attached hereto as Exhibit A and specifically incorporated herein.

16. Counterclaim Plaintiff White Sands Group, LLC has fully performed under said contract, but Counterclaim Defendants Pilots Pointe Development, LLC, Langan Development Company, Bar Pilot Land, LLC and/or Fictitious Defendants 1-10 and 46-56 have breached said contract by failing and refusing to sell the real property described in said contract to Counterclaim Plaintiff White Sands Group, LLC; instead selling said property to Defendants Steve Cantor, Peter

7

Sterling and Michael Asfour. Said property was subsequently acquired PRS II, L.L.C. with full knowledge of the existence of said contract.

17. As a proximate consequence of said breach, Counterclaim Plaintiff White Sands Group, LLC has been denied the benefit of its bargain, has lost prospective business income and other business opportunities that were within the reasonable contemplation of the contracting parties at the time of contracting, and has otherwise been injured and damaged.

WHEREFORE, Counterclaim Plaintiff White Sands Group, LLC demands judgment against Counterclaim Defendants Langan Development Company, Pilots Pointe Development, LLC, Bar Pilot Land, LLC, and Fictitious Defendants 1-10 and 46-56 for compensatory damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest and costs.

### Count II

18. Plaintiffs reallege the material allegations of paragraphs 1-16 the counterclaim as if fully set forth herein.

19. As a result of the breach of contract set forth in Count I, Counterclaim Plaintiff is entitled to specific performance of the May 12, 2004 contract and is fully prepared to perform its obligations under said contract.

WHEREFORE, Counterclaim Plaintiff White Sands Group, LLC demands specific performance of the contract to convey the real property described therein against Counterclaim Defendants PRS II, L.L.C., Pilots Pointe Development, LLC, Langan Development Company, Bar Pilot Land, LLC and/or Fictitious Defendants 1-10 and 46-56, plus costs.

8

### Count III

20.     Counterclaim Plaintiffs reallege their allegations of paragraph 1-18 of the counterclaim as if fully set forth herein.

21.     Counterclaim Plaintiff White Sands Group, LLC had a valid and existing contract and business relation with Counterclaim Defendants Langan Development Company ("Langan"), Pilots Pointe Development, LLC ("Pilots Pointe"), Bar Pilot Land, LLC ("Bar Pilot"), and Fictitious Defendants 1-10 and/or 46-56.

22.     Counterclaim Defendants Steve Cantor, Peter Sterling, Michael Asfour, PRS II, L.L.C. and Fictitious Defendants 1-10 and 24-45 each had knowledge of Counterclaim Plaintiff White Sands Group, LLC's business and/or contractual relations with Counterclaim Defendants Langan, Pilots Pointe, Bar Pilot and/or Fictitious Defendants 1-10 and 46-56.

23.     Counterclaim Defendants Steve Cantor, Peter Sterling, Michael Asfour, PRS II, L.L.C. and Fictitious Defendants 1-10 and 24-45 separately and/or collectively intentionally and wrongfully interfered with said business and/or contractual relations.

24.     There was no lawful justification for the actions of Counterclaim Defendants Cantor, Sterling, Asfour, PRS II, L.L.C. and/or Fictitious Defendants 1-10 and 24-45 with respect to the intentional and wrongful interference with Counterclaim Plaintiff White Sands Group, LLC's business and contractual relations.

25.     As a proximate result of said Counterclaim Defendants' wrongful interference, Counterclaim Plaintiff White Sands Group, LLC was damaged as aforesaid.

WHEREFORE, Counterclaim Plaintiff White Sands Group, LLC demands judgment for compensatory and punitive damages in excess of the minimum jurisdictional limits of the Court

separately and severally against Counterclaim Defendants Steve Cantor, Peter Sterling, Michael Asfour, PRS II, L.L.C., Fictitious Defendants 1-10 and 24-45, and costs.

### Count IV

26. Counterclaim Plaintiffs reallege the material allegations of paragraphs 1-24 of the counterclaim as if fully set forth herein.

27. Counterclaim Plaintiff Chris Rolison entered into a contract with Counterclaim Defendants Peter Sterling, Michael Asfour and P&M Builders, LLC and/or Fictitious Defendants 1-10 for the payment of $800,000.00 for the performance of certain services.

28. Counterclaim Plaintiff Rolison has fully performed under said contract, but Counterclaim Defendants have failed and refused to pay Plaintiff Rolison pursuant to the terms of said contract.

29. Counterclaim Defendants Peter Sterling, Michael Asfour, P&M Builders, LLC and Fictitious Defendants 1-10 have breached said contract by failing to pay the sums due thereunder.

30. As a proximate consequence of said breach, Counterclaim Plaintiff Rolison has been denied the benefit of his bargain and has otherwise been injured and damaged.

WHEREFORE, Counterclaim Plaintiff Chris Rolison demands judgment for compensatory damages in excess of the minimum jurisdictional limits of the Court, pre- and post-judgment interest and costs.

### Count V

31. Counterclaim Plaintiffs reallege the material allegations of paragraphs 1-29 of the counterclaim as if fully set forth herein.

32. Fictitious Counterclaim Defendants 11-23 conspired with each other and/or with Counterclaim Defendants Steve Cantor, Peter Sterling, Michael Asfour, and/or PRS II, L.L.C. and Fictitious Defendants 1-10 and 24-45 to intentionally interfere with the contract and business relations of Counterclaim Plaintiff White Sands Group, LLC

33. As a proximate consequence of said conspiracy, Counterclaim Plaintiff White Sands, LLC was damaged and injured as aforesaid.

WHEREFORE, Counterclaim Plaintiff White Sands Group, LLC demands judgment against Fictitious Defendants 11-23 for compensatory and punitive damages in excess of the minimum jurisdictional limits of the Court and costs.

/s/ Wally Wall
Richard H. Gill (GIL007)
George W. Walker, III (WAL097)

COPELAND, FRANCO, SCREWS & GILL, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347
(334) 834-1180

Counsel for Defendants WHITE SANDS GROUP, LLC and JEFF VALENTINE and Counterclaim Plaintiffs WHITE SANDS GROUP, LLC and CHRIS ROLISON

**Defendants and Counterclaim Plaintiffs demand a jury on all issues so triable.**

/s/ Wally Wall
Of Counsel

11

### CERTIFICATE OF SERVICE

I hereby certify that on this the 22ND day of September, 2005, I have served a copy of the foregoing ANSWER AND COUNTERCLAIM upon the following counsel of record by placing same in the United States Mail, postage prepaid and properly addressed:

Jerome E. Speegle, Esq.
Anthony M. Hoffman, Esq.
Zieman, Speegle, Jackson & Hoffman, L.L.C.
P. O. Box 11
Mobile, AL 36601
Telephone: (251) 694-1700/Facsimile: (251) 694-1998

_/s/ Wally Wall_
Of Counsel

Defendants and Counterclaim Plaintiffs request service of the Summons and Counterclaim upon the each Counterclaim Defendant by United States certified mail, restricted delivery, return receipt requested, pursuant to A.R.Civ.P. Rule 4.1(c) and F.R.Civ.P. Rule 4.

_/s/ Wally Wall_
Of Counsel

LANGAN DEVELOPMENT COMPANY, LLC
c/o Thomas J. Langan, Jr.
3380 Hurricane Bay Drive
Theodore, AL 36582

BAR PILOT LAND, L.L.C.
c/o Michael D. Langan
267 Houston Street
Mobile, AL 36606

PILOTS POINTE DEVELOPMENT, L.L.C.
c/o Michael D. Langan
267 Houston Street
Mobile, AL 36606

STEVE CANTOR
10 Red Maple Lane
Dix Hills, NY 11746

PETER STERLING
10 Red Maple Lane
Dix Hills, NY 11746

MICHAEL ASFOUR
10 Red Maple Lane
Dix Hills, NY 11746

P&M BUILDERS, LLC
c/o Michael Asfour
10 Red Maple Lane
Dix Hills, NY 11746

12

Thomas J. Langan, Jr.                                  5/12/04
Langan Development Company

Thomas,

I'm writing to make a formal offer on lots in the Pilot Town subdivision at mile marker 3 off hwy 180 in Fort Morgan.

We are making the offer thru our development company, White Sands Group, LLC in the amount of $85,000 cash on (5) lots 23 – 27. We will place a deposit of $2,000.00 per lot until the subdivision is complete and we can proceed with closing. Upon closing, we agree to pull building permits and begin construction on one of the lots within 2 months. Any delays in the permitting process will be in addition to the 2 month projected start.

White Sands Group will receive 5% compensation for purchasers of waterfront lots, in the amount of $210,000.00 or greater. These buyers will be introduced by us, and this commission option expires on 6/11/2004.

This offer is contingent on amenities described and discussed previously. They are inclusive of but not limited to a swimming pool, community entertainment area, community access to the bay front with a possible pier, neighborhood to be gated, ect.

The offer is also contingent on successful subdivision of lots and completion of roadways. It was also expressed that environmental, wetlands delineation, archeological, beach mouse, and all other issues have been addressed which will provide these lots to be build able thru the normal permitting process. The offer is also subject to our ability to obtain reasonable financing at the completion of the neighborhood.

I look forward to hearing from you promptly. Please call me if you have any questions.

Best regards,                        Purchaser _____
                                     Date  5/17/04

Jeff Valentine
White Sands Group, LLC
15946 Keeney dr.                     Seller _____
Fairhope, Al.                        Date  5/17/04
251-421-4093